## In re WHITE STAR OIL & REFINING CO. GRAVER CORPORATION v. MANSUR.

Circuit Court of Appeals, Ninth Circuit.
October 24, 1927.

No. 5197.

Bankruptcy ⬅212—Sale of tank material to bankrupt oil company held absolute, and not conditional, under evidence.

Evidence *held* to sustain finding of bankruptcy court that sale of material for steel tanks to bankrupt oil company was absolute, and not conditional.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Edward J. Henning, Judge.

In the matter of the White Star Oil & Refining Company, bankrupt; Fred Mansur, trustee. The Graver Corporation appeals from an order denying its petition for reclamation of property. Affirmed.

Ray E. Nimmo and Carroll Allen, both of Los Angeles, Cal., for appellant.

George B. Ross, of Los Angeles, Cal., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. September 12, 1923, White Star Oil & Refining Company gave a written order to one Holland, described as agent for the Graver Corporation, East Chicago, Ind., for the purchase from the latter corporation of material for seven steel tanks. The order described the material, the time of delivery, and the terms of payment. Two of the tanks were to be shipped immediately, and thereafter one tank per week until the entire shipment was completed. The terms were 25 per cent. cash on arrival of each tank complete; 25 per cent. cash 30 days thereafter; 25 per cent. cash 90 days thereafter; and 25 per cent. cash 150 days thereafter. It was provided that the last three installments should be evidenced by trade acceptances, and that the last two should bear interest at the rate of 7 per cent. per annum. The order made no reference to security, aside from the following notation: "I will give you the location of these to-morrow. Wire acceptance to me when credit approved, and send along formal contracts for your collateral security." When or by whom this notation was made does not clearly appear, although the inference is that it was made by Holland. The entire purchase price was $246,620. Material for two tanks complete and for parts of two others,

of the aggregate value of approximately $100,000, was shipped and delivered, and the sum of $30,180.50 was paid on account of the purchase price. All deliveries were made some time prior to November 1, 1923.

Later, the date not appearing, the purchaser was adjudicated a bankrupt, and on October 27, 1925, the vendor filed a petition for reclamation with the referee, claiming that the property had been sold under a conditional contract of sale, reserving title in the vendor until the entire purchase price was paid. The answer of the trustee put in issue the allegations of the petition for reclamation, and upon the hearing the referee found that the sale was absolute and not conditional. This finding of the referee was approved by the District Judge; hence this appeal.

The case made by the appellant is inherently weak in many particulars. The only testimony offered tending to show a conditional sale was that of the president of the bankrupt corporation. He testified that before the order was given he and Holland discussed the number and size of the tanks, the terms of sale, the time of payment, the time of delivery, the question of title, and that title should remain in the vendor until each tank was paid for in full. They also discussed the possibility that the tanks might be taken back if the purchase price was not paid.

October 3, 1923, the vendor forwarded three copies of a conditional sale contract to Holland, with directions to have them executed by the purchaser and returned. On November 26, 1923, the president of the purchasing corporation returned the three copies unexecuted, for the reason that further shipments of material had been withheld at the request of the purchaser, and the conditional sale contract covered the entire order, instead of the material already delivered. The letter contained the statement: "In the meantime, to cover one of the most important features, in so far as your company is concerned, you may consider this letter an agreement on our part that the steel has been sold under a conditional sales contract, and that title to it will not pass to us until it is fully paid for." This letter, of course, could not create a conditional sale, if an absolute sale had already taken place. No further effort seems to have been made to procure the execution of the conditional sale contract by the purchaser, nor is there any explanation of the long delay before attempting to regain possession of the property.

If the sale was a conditional one, it would seem that the notation on the order above quoted would have so stated, instead of using the general language, "Send along formal contracts for your collateral security." It may be claimed that the vendor would understand the meaning of this expression; but its letter of September 11, written the day before the order was given, indicates the contrary, because in that letter the vendor stated that it would accept payments at the times specified in the order, "with deferred payments covered by bankable trade acceptance note bearing 7 per cent. and by chattel mortgage on tanks and oil, providing you get some company of sufficient rating in Dun or Bradstreet's to sign note."

Furthermore, it appears from the testimony that the terms of the conditional contract of sale were never agreed upon. According to the testimony of the president of the bankrupt corporation, the sale was several; that is, title to the material in each tank would pass to the purchaser as soon as the material for that tank was paid for, whereas under the conditional contract of sale, as prepared by the vendor, the title to all the material was reserved in the vendor until the entire purchase price was fully paid. Nor was there any agreement as to the application of payments.

Again, while an oral contract of this kind may be valid in the state of California, it seems improbable that a vendor would deliver material before the execution of the formal conditional contract of sale, if in fact there was such a contract. To do so in the case of a sale of this magnitude would be a very unbusinesslike transaction, to say the least.

Lastly, there were but two parties to the original transaction, the president of the bankrupt corporation, representing the purchaser, and Holland, representing the vendor. Holland was not called as a witness, and no satisfactory reason for the failure to call him was given, as he apparently resided and had offices in the city where the testimony was taken. There is an intimation in the record that he concealed himself, so that process could not be served upon him; but, in the absence of some more satisfactory explanation as to why he was not called, we have a right to presume that his testimony, if taken, would not support the claim of his principal.

For these reasons, there is no error in the finding of the referee, as approved by the District Judge, and the order is affirmed.